William T. Collins, S.
This is an application supplementary to decree in the proceeding for the settlement of the account of the Public Administrator. The present petitioner, as the substituted attorney in fact for Cilly Wiener, whose status as a distributee of the decedent has already been established, asks that the court fix the value of the services rendered to his principal by the attorney who had previously been designated by her to act on her behalf in the accounting proceeding. Messrs. Buchter, Rathheim, Abrams & Hoffman represented the present petitioner, Alfred Rathheim, Esq., in his capacity as attorney in fact for 10 of the 14 persons who were found to be the distributees of the decedent. During the course of the hearing devoted to the trial of their objections the family pedigree was established in its entirety and Cilly Wiener was shown to be a person entitled to share in the estate. She was at that time purportedly represented by the present respondent, Samuel L. Robre, who is a member of the Bar of this State but who resides and maintains his office in Western Germany.
Mr. Robre had mailed to this court what purported to be a notice of appearance on behalf of Cilly Wiener in the accounting proceeding and, in addition, he attempted to file by mail other papers on her behalf. The notice of appearance was returned to Mr. Robre because of his failure to comply with the rules of this court governing the appearance of attorneys in fact. (New York County Surrogate’s Ct. Rules, rule XXIII.) The objections which he filed on behalf of his principal, together with a bill of particulars, were received by the court and were not returned to the sender.
Mr. Robre took no part in the lengthy hearing devoted to the trial of the issues framed by the objections. It was not because of any of his efforts in behalf of his client that she was found to be a distributee of the deceased and held entitled to share in the distribution directed by the decree. That decree directed the payment of a part of her distributive share to Mrs. *374 Wiener and instructed the Public Administrator, as the accounting party, to withhold the payment of the balance pending the determination of the question as to the payment of fees to Mr. Kobre. Subsequent to the hearing the court was notified that Mrs. Wiener had discharged Mr. Kobre and had engaged Messrs. Buchter, Rathheim, Abrams & Hoffman to appear for her, agreeing to pay them a percentage of the amount to which she was entitled as a distributee.
The present proceeding was instituted on the petition of Alfred Rathheim, Esq., acting as attorney in fact for Mrs. Wiener, pursuant to an instrument dated September 7,1954, filed in the office of the clerk of this court. The petitioner seeks to have the firm of Buchter, Rathheim, Abrams & Hoffman substituted as attorneys for Cilly Wiener in place of Mr. Kobre and to have Mr. Kobre’s fees fixed for the services rendered by him to his former client. In his answer Mr. Kobre joins in the prayer for fixation and payment of his fees.
Mr. Kobre was admitted to the Bar of the State of New York in the year 1938. Since 1950, to quote from his affidavit, he has been “ practicing law privately in the American Sector of West Berlin, Germany, pursuant to authorization of the occupation authorities, both military and State Department. Since 1951 my office has been at 29 Ehrenbergstrasse, Berlin-Dahlem, which is in the American Sector. My practice is devoted primarily to occupation, American, and other foreign matters. My authorization and the pertinent occupation legislation have permitted my presence in Germany on a non-permanent basis in the capacity of a private attorney and member of the Allied Forces. The aforesaid occupation legislation, to which I have been subject, forbids my having a legal residence in Germany. My stateside residence is and for several years has been c/o my sister, Mrs. Sacks, at 965 Park Terrace, Union, New Jersey.” Upon the facts, as expressed in his own answer, Mr. Kobre was not qualified to represent a party to a proceeding in this court because of the restrictions imposed by section 470 of the Judiciary Law of the State of New York.
“ A person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state.” It has been uniformly held that an attorney who has been admitted to the Bar in this State loses his right to practice in our courts upon giving up his office here and changing his residence to another jurisdiction. (Richardson v. Brooklyn City & Newtown R. R. Co., 22 How. Prac. 368; Chautauqua County *375 Bank v. Risley, 6 Hill 375; Hommedieu v. Stowell, 18 Abb. Prac. 336.) The reasons for the rule are clearly set forth in the decision in Richardson v. Brooklyn City & Newtown R. R. Co. (supra, p. 369), where the court said:
11 An attorney does not, therefore, cease to be an attorney of the court, or forfeit Ms right to appear and practice therein by removing from the state.
“ But the court has always required that an attorney should reside within the state. * * * An attorney might keep Ms office closed and empty, and, if he had no residence within the state, might entirely evade the service of papers, and baffle Ms adversary and the court.
“ Attorneys are liable to attachment, and to punishment for contempt of the court, for the commission of various acts of misconduct. Those remedies might also be evaded, if they are nonresidents.”
The fact that Mr. Kobre states he has a mailing address at his sister’s home is of no material significance as the actual maintenance of an office in this State is required under the law.
Under the circumstances set forth in this application the court is without power to fix the fees for services rendered to the respondent Wiener or to direct their payment, for Mr. Kobre has been shown, on his own admissions, to he disentitled to any allowance for services rendered to a party to this proceeding. For tMs reason the court finds it unnecessary to appraise the value or to comment on the quality of the services wMch he states i he did render other than to note that his papers were defective, that he failed to appear at any of the hearings and that he took no part in the litigation of the question raised by the special guardian which, if it had been decided other than it was, would have deprived his client of her interest in the estate.
Submit order on notice denying the application for the payment of an allowance for counsel fees to the respondent, Samuel L. Kobre, and substituting Buchter, Bathheim, Abrams & Hoffman, Esqs. as attorneys for Alfred Bathheim, Esq. as attorney in fact for Cilly Wiener.