In the Matter of the Application of CLIFTON C. TANG for Admission to the Bar.

First Department, July 6, 1972.

*Clifton C. Tang*, petitioner in person.

*Committee on Character and Fitness of Applicants for Admission to the Bar, First Judicial Department.*

STEUER, J. The motion, brought by an applicant for admission to the Bar, asks that this court authorize the Committee on Character and Fitness to certify him as qualified for admission. Strictly speaking the relief asked for is unnecessary, the committee being already authorized to make such a certification whenever in its judgment such action is warranted. What petitioner really wants is a direction to the committee to the effect that the facts as to his residence do not disqualify him. While it is not the practice of this court to give directions to the committee as to how it shall resolve any question before it, the issue itself, involving solely a question of statutory interpretation, is one that will eventually have to be determined by the courts. We therefore address ourselves to it.

Petitioner has passed the Bar examination and has been certified by the Board of Law Examiners. His age does not appear on this application but he has been married at least since 1954. In that year, together with his wife, he bought a house in Tenafly, New Jersey, and he, his wife and their two sons have been living there ever since. He concedes that this is his permanent residence. Sometime in June, 1971 he rented a room in the Hotel Dixie, 250 West 43rd Street, Manhattan. This was done admittedly to comply with the statutory prescriptions referred to, *infra*. He spends two to four nights a week there, the rest of the time with his family in New Jersey. He intends to continue this practice until he is admitted, when presumably he will resume full time residence in New Jersey.

The statutory residence requirements are found in CPLR 9406 and they are that the applicant be "an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice and that such residence has continued until the final disposition of the application." The phrase "actual resident" does not occur in any other statute of this State although there are many laws in respect to residence. It is therefore reasonable to assume that the Legislature had something particular in mind. It is clear that domicile without actual presence in the State (that is, a sojourn elsewhere, the applicant once having resided here intending to return) is not sufficient (*Matter of Scharf,* 279 App. Div. 919); and it has been said that "a mere naked legal residence" is not embraced in the term (*Matter of Horwitz,* 276 App. Div. 918). The question here is not exactly the same —whether a temporary sojourn with no intent of establishing a permanent residence and merely for the purpose of complying with a possible literal interpretation of the statute suffices.

The index to the intended meaning of the unique phraseology is, we believe, best determined by a consideration of what the statute is designed to accomplish. The general purpose of the regulations for admission to the Bar of the State is to limit the practice of law to those whom the policy of the State deems eligible to engage in that practice. The residential requirements for practice are therefore illuminating unless it be assumed that the State contemplates admitting to practice those whom it would not allow to practice.

Before an applicant is admitted to practice he must take an oath which, *inter alia,* affirms that he now resides at a specified address in the State (Judiciary Law, § 467) or is a resident of an adjoining State and has an office for practice located within this State. It therefore appears that those entitled to practice are limited to residents of this State and of adjoining States providing they maintain an office here. This has been specifically provided in section 470. Attorneys regularly admitted who subsequently move or fail to maintain an office here lose the right originally acquired (*Park Lane Commercial Corp.* v. *Travelers Ind. Co.,* 50 Misc 2d 231; *Matter of Fordan,* 5 Misc 2d 372).

There is an apparent conflict between the residence requirements for practice as to residents of adjoining States and those for admission. On this the legislative history sheds some light. The earliest provision allowing attorneys regularly admitted here but resident in adjoining States to practice in New York was enacted in 1862, and the successor statute of 1866 (ch. 175) has continued, with slight refinements, to the present time. The present rule, CPLR 9406, had its origin in what was called Law rule 1 of the General Rules enacted in 1847, prescribing the methods and conditions for admission to practice. In 1849 rule 1 of the General Rules provided that the applicant must be a resident of the judicial district in which he applied. In 1921 rule 1 was rewritten. The residence requirements, including " actual resident " now in CPLR 9406, are taken from that rule. It is interesting to note that in the revision of the rule enacted in 1910 the provision for admission of attorneys who had previously been admitted in another State was amended to allow admission to residents of other, adjoining States who had opened and maintained an office in this State. The provision is on its face incongruous as it limits the admission of residents of adjoining States to those who prior to admission have opened an office here, and the provision was not continued.

We therefore have this situation — to practice here an attorney must be resident here or a resident of an adjoining State who commutes to his office here. If he does not have such an office he cannot continue to practice here regardless of his prior status. The situation with regard to an applicant who could not possibly have an office here for the practice of law is that he must be a resident. Resident in that connection must mean someone so identified in his base of operations that he is amenable to the supervision of the courts and able to render service to his clients. The Legislature has fixed the geographical limits of that base as the borders of this State and, under certain conditions that allow compliance with the over-all purpose, the territory of adjoining States.

It must be evident that one who makes his home elsewhere is not a resident for the very simple reason that he is neither so susceptible to discipline nor available for service — except in the case of those for whom exception has been provided. There is no point in providing for the admission of those who, though they might comply with the rule by a construction adverse to its purpose, would nevertheless fall under its ban if they sought to avail themselves of the license to practice. The sense of the requirement of residence is fortified by the words " actual resident ".

It may seem in a sense contradictory to allow an attorney resident here who, immediately upon setting out to practice here, moves to New Jersey or Connecticut, to continue to practice law here, while denying the right of a resident of one of those States who intends to practice here. There is however the distinction that the former has established himself here while the other merely has an intent to do so. If there is an anomaly or unfairness resulting it is the province of the Legislature to correct it.

The motion should be denied.

STEVENS, P. J. (dissenting). I dissent for the reasons hereinafter stated, and would grant the application.

CPLR 9406 as here applicable provides: " No person shall receive said certificate [entitling admission] from any committee and no person shall be admitted to practice as an attorney and counselor at law in the courts of this state, unless he shall furnish satisfactory proof to the effect:  *  *  *

" 3. That he has been an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice and that such residence

has continued *until the final disposition of the application for admission to practice*" (emphasis supplied).

Prescribed requirements for admission to the Bar represent, generally, an exercise of the police power of the State in an effort to provide for the welfare of its citizens and to assure that they will be protected against the ignorant, the inadequately trained and those who would exploit rather than serve their interests. Reasonable and extensive effort is made to insure that the applicant is of good moral character.

Looking to the purpose of a residence requirement, an argument might be made that such a requirement affords an opportunity to check on the background of an applicant, to obtain information from and the opinion of those within the State with whom the applicant has associated, or those who have had the chance to observe the applicant over a period of time. Obviously a residence requirement serves no governmental purpose and if it is to be justified the requirement must be reasonable in application and warranted in duration.

The fact that New York's requirement applies to the six months preceding the submission of the application and continues only "until the final disposition of the application for admission to practice", makes clear that New York does not impose actual residency as a condition precedent to practice once admission has been obtained. Indeed, it has been stated "The right to practice law is in the nature of a franchise from the state conferred only for merit" (*Matter of Co-operative Law Co.*, 198 N. Y. 479, 483). Residence neither confers nor detracts from merit assuming ability, integrity, knowledge and legal competence, and the other desirable or essential qualities are present. If the residence requirement serves any compelling State interest, and perhaps it does, such interest is not readily identifiable when applied to extremes.

In the case before us, it is not disputed that the applicant since June 1, 1971 has worked, slept and eaten in the State for a substantial portion of that time. The affidavit of the manager of the hotel where the applicant resides attests to the fact that the applicant has been in continuous residence since June 1, 1971, "averaging more than 3½ weeknights per week, with the exception of the Christmas and New Year holidays." If the fact be established the motive for such residence (i.e., to comply with the statutory requirement) should not control. Knowledge and legal competence would seem to be established by his admission to the New Jersey Bar and his successful passing of the New York examination. His admission in a neighboring State may

be taken as some indicia of good character, as is his frankness in dealing openly with the situation now confronting him.

Any requirement must be viewed in relation to the age or period of time in which it operates or is applicable. In this day of speedy transportation, ready mobility, when problems of law in their inception solution transgress the limitations of geographical State borders, to deny the application of Mr. Tang is to refuse to face reality. It could raise a serious question of possible discrimination in favor of a select class, permanent residents, as a protection against competition, and as a restriction upon Mr. Tang's right to move about and compete freely with others in the profession. As here applied the majority decision could well abridge the privileges and immunities to which the applicant, as a citizen of the United States, is entitled. (See, Notes, Residence Requirements for Initial Admission to the Bar: A Compromise Proposal for Change, 56 Cornell L. Rev. 831 [1971]; Residence Requirements for Admission to the Bar, 36 Albany L. Rev. 762 [1972].)

The application should be granted.

McGivern and Capozzoli, JJ., concur with Steuer, J.; Stevens, P. J., dissents in an opinion in which Tilzer, J., concurs.

Motion to qualify for admission to the Bar of the State of New York denied.