**Clifton C. TANG**

v.

**APPELLATE DIVISION OF the NEW YORK SUPREME COURT, FIRST DEPARTMENT et al.**

No. 72 Civ. 3063.

United States District Court, S. D. New York.

Aug. 30, 1972.

---

Clifton C. Tang, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for defendants.

*Endorsement and Order Denying Plaintiff's Motion to Convene a Three Judge Court and Granting Defendants' Motion to Dismiss*

RYAN, District Judge.

Plaintiff by this action questions the Constitutionality of New York CPLR 9406(3), which provides that an applicant for admission to the New York Bar must be an "actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice and that such residence has continued until the final disposition of the application."

Plaintiff prays for declaratory, injunctive and other relief, alleging jurisdiction of this Court under 28 U.S.C. Sections 1343(3), 2201, 2202, 2281 and 2284, and under the general equity powers of this Court to enforce the Civil Rights Act, 42 U.S.C. Section 1983.

There are no factual issues presented. Plaintiff is a citizen, and a member of the New Jersey Bar and of the Bar of the United States District Court for the District of New Jersey. Prior to 1954, his "marital domicile" was in New York

City; since 1954, it has been in Tenafly, New Jersey. He does state, however, he "has actually lived regularly in Manhattan, his place of abode in New York, since June 1, 1971." If he claims residence there for six months, he is at liberty to present evidence of that to the Appellate Division, First Department, Supreme Court: he has not done so.

Plaintiff has moved to convene a three-Judge Court, pursuant to Title 28 U.S.C. Section 2281 and Section 2284, to decide the Constitutionality of New York CPLR 9406(3), alleging that the requirement deprives him of the "personal liberty to follow the calling of one's choice"; and invokes Constitutional questions of "Privileges and Immunities, Substantive Due Process, Equal Protection, Freedom to Travel and Freedom to Choose Domicile."

Defendants move to dismiss the complaint for legal insufficiency under Rule 12(b) of the Federal Rules by reason of lack of jurisdiction over the subject matter; and by reason of the fact that the defendant APPELLATE DIVISION is not a "person" within the meaning of Title 42 U.S.C. Section 1983.

I have considered defendants' motion first and have concluded that no substantial federal question is presented which merits the convening of a three-Judge Court.

■ The requirement that applicants for admission to the Bar be "actual residents" is a reasonable classification and is designed to serve the compelling state interest to prevent misconduct by itinerant or non-resident practitioners in their relations with clients or litigants in the New York Courts.

I have concluded that the complaint should be dismissed for lack of sufficiency and jurisdiction.

■ It is settled that the right to exercise certain privileges within a State may be conditioned by the State under its police power upon reasonable residence restrictions (Cf. Carrington v. Rash, 380 U.S. 89, 91, 93, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). In that case,

the power of the States to "impose reasonable residence restrictions on availability of the ballot" was stated to be "unquestioned" (380 U.S., at p. 91, 85 S.Ct., at 777). Mr. Justice Stewart there stated that:

"Texas is free to take reasonable and adequate steps, as have other States, to see that all applicants for the vote actually fulfill the requirements of bona fide residence."

That holding made with reference to requirements of bona fide residence in connection with voting rights, is equally applicable to bona fide residence requirement imposed upon an applicant for admission to the bar of a State.

The State of New York may, by rule or law, prevent an applicant for admission from becoming a member of its Bar by fraudulently representing that he has become an actual resident of the State (Cf. Matter of Hannafin, 20 N.Y.2d 660, 282 N.Y.S.2d 272, 229 N.E.2d 54 (1967)). The State of New York does not prevent residents of other states, or any classification of such persons, from becoming bona fide actual residents of the State's classification. The advisability of its six months' limitation is a subject for legislative, rather than judicial determination.

■ With reference to its durational requirements, there are considerations which warrant a requirement that a person, who is to advise others as to the law of the State and to serve them in a relationship of trust and who intends to exercise the fiduciary powers and functions with which a client may entrust a lawyer, show, by a reasonable period of residence, that he has a fixed and reasonably stable root in the State. The State has a definite interest in assuring potential clients that persons licensed to practice are not transitory peddlers of advice, but are persons whose permanent bona fide residence in the State for the minimum period required by the statute (6 months) offers a measure of certainty that its licensees are not fly-by-nights (Cf. Dunn v. Blumstein, 405 U.S. 330, 92

S.Ct. 995, 31 L.Ed.2d 274 (decided March 21, 1972), which merely involved the residence needed to obtain the right to vote in a state).

One is not licensed to practice law merely because he is a resident and possesses certain legal knowledge. He may be required to demonstrate that he is a person of good moral character. Investigations by "character committees" and other licensing agencies are not intended to be perfunctory. Durational residence requirements clearly afford investigating agencies a reasonable opportunity and base upon which to predicate their investigations. Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Willner v. Comm. on Character & Fitness, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); Webster v. Wofford, 321 F. Supp. 1259 (N.D., Ga., 1970).

In Suffling v. Bondurant, 339 F.Supp. 257 (D.C.1972), the six months' residence requirement for admission to the New Mexico Bar was sustained as reasonable; and was held to be sustainable by reason of the State's "compelling interest in the quality and integrity of the persons whom it licenses to practice law" (339 F.Supp. 257, 260)

The mere fact that in petitioner's case the vice chairman of the Character Committee has been able to report favorably on plaintiff's character should have no controlling or persuasive effect here. The question as to how long a period reasonably should be allowed for the Committee's investigation, particularly as to his conduct during his period of residence within the State, is a matter of legislative discretion. That period should be long enough to enable it to uncover the peril-to-the-public situations which it might not be able to uncover during an unreasonably short period of residence.

This federal Court should not interfere with the Legislature's determination as to the length of residence deemed necessary by the State Legislature for a professional licensee to demonstrate the credentials and character necessary to justify a license to practice law in this State. I conclude that the six months' durational requirement is clearly reasonable. Even in the most comprehensive and rigorous attack upon New York's Bar admission procedures, the reasonableness of the State's residence requirement was not challenged (See Law Students Research Council v. Wadmond, 401 U.S. 154, 158, 161, 91 S.Ct. 720, 27 L. Ed.2d 749 (1971)).

Plaintiff's motion to convene a three-Judge Court is denied. The complaint herein is dismissed without costs and the Clerk is directed to forthwith enter such judgment.