In the Matter of the Application of HARRY G. GORDON for Admission to the Bar, Petitioner. COMMITTEE ON CHARACTER AND FITNESS, Respondent.

First Department, March 29, 1979

## APPEARANCES OF COUNSEL

*Harry Glen Gordon,* petitioner *pro se.*

*Robert E. Keegan* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Petitioner seeks an order admitting him to practice law in this State without the certification of the Committee on Character and Fitness which is required by CPLR 9404.

Since May, 1975 petitioner has been working in the Legal Division of Western Electric Company (a subsidiary of American Telephone and Telegraph), which has corporate headquarters in New York. After working in New York City for over two years, while residing in New Jersey, petitioner took and passed the July, 1977 New York State Bar examination. The impetus to seek admission in New York was provided by an Advisory Opinion issued by the Unlawful Practice of the Law Committee of the New York State Bar Association, the effect of which was to limit the law practice of in-house counsel in New York based companies. In September, 1977, petitioner was transferred to Western Electric's office in North Carolina, where he still works and in which State he and his family reside. After filing his application for admission to the New York State Bar, he was advised by the Committee on Character and Fitness that he did not meet the residency requirements for admission because he was not an actual resident of, or full-time employee in, New York State for the six months immediately preceding the submission of his application for admission to practice.* Petitioner then instituted this proceeding, arguing that since the corporation's home office and the

---

* CPLR 9406 (subd 2) provides that no person shall receive a certificate from any committee or be admitted to practice unless "he has been an actual resident of the state of New York for six months immediately preceding the submission of his application for admission to practice". Section 464 of the Judiciary Law was amended in 1974 to permit the substitution of six months' full-time employment for actual residency for purposes of, *inter alia,* the rules regulating admission to practice of attorneys.

office of its General Counsel, with which he has regular contact, are in New York, there is sufficient nexus to New York, so as to meet the requirement that he work in New York and that since he has already met the residency requirement for taking the Bar examination, it is unreasonable to impose further requirements.

Admission to the New York Bar is not an honorarium, but is granted to those who have demonstrated, either through actual residency or actual employment here, a sufficient nexus to the State "to serve the compelling state interest to prevent misconduct by itinerant or non-resident practitioners in their relations with clients or litigants in the New York Courts." *(Tang v Appellate Div. of N. Y. Supreme Ct., First Dept.,* 373 F Supp 800, 801, affd 487 F2d 138.) The State requires a demonstration of intent to live or work here, so that it can be assured that the applicant will be amenable to the supervision of its courts. (See *Matter of Tang,* 39 AD2d 357.) It is not unreasonable to insist that the residency which is required in CPLR 9406 continue to the date of submission of the application, since an individual without a New York residence (be it domicile or full-time employment) at such time would more than likely not be a resident after admission and subject to supervision. For the same reason, the fact that petitioner complied with the six-month requirement of rule 520.2 of the Court of Appeals (22 NYCRR 520.2) does not free him from meeting the waiting period requirements of CPLR 9406. Rule 520.2 is concerned solely with the applicable time period for the taking of the Bar examination itself, a stage of the admission process distinct from the submission of the application. An attorney who seeks to practice law in the State of New York is not unduly impeded by rules or statutes that require his presence in the State for a minimal period of time before he takes its Bar examination, and again when he seeks admission.

The constitutionality of CPLR 9406 has withstood previous challenges *(Tang v Appellate Div. of N. Y. Supreme Ct., First Dept., supra),* and although the Legislature amended the statute in June, 1978, it did not change the six-month requirement, so that the statute cannot be called archaic or neglected by its framers.

Accordingly, the application for an order admitting petitioner to the New York State Bar without the certification of the Committee on Character and Fitness should be denied.

EVANS, J. P., FEIN, SULLIVAN, LUPIANO and BLOOM, JJ., concur.

Motion for admittance to practice as an attorney and counselor at law in the State of New York pursuant to CPLR 9404, absent certification of the Committee on Character and Fitness, denied.