OPINION OF THE COURT
Edward H. Lehner, J.
This application by plaintiff for an ex parte order to permit it to file the summons nunc pro tunc under section 411 of the New York City Civil Court Act raises the question of whether an attorney admitted to practice in New York State may appear as attorney of record for a party without having an office in the State.
The summons herein shows that the office and post office address of the attorney for the plaintiff is One Veterans Square, Media, Pennsylvania. The summons and indorsed complaint both indicate that said attorney is a member of the New York Bar. Inquiry has revealed that the attorney was admitted to practice here in 1980 but has no office and has no intention of opening an office in the State. One of the reasons mentioned for not having such an office is the tax consequences that would ensue.
RELEVANT STATUTE
The only statute dealing with the issue is section 470 of the Judiciary Law which reads as follows: “Attorneys having offices in this state may reside in adjoining state. A person, regularly admitted to practice as an attorney and *374 counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state.”
Interpreting that section, the court in Rosenberg v Johns-Manville Sales Corp. (99 Misc 2d 554, 557) held that said section: “clearly mandates that an attorney must maintain an office in New York in order to practice here *** This requirement appears to be absolute. The requirement of residence, as a condition to the continued right to practice, appears to have been ameliorated for attorneys who reside in an adjacent State, but only upon condition they maintain an office for the practice of law in this State”.
In Matter of Tang (39 AD2d 357, 359 app dsmd 35 NY2d 851), the court said: “It therefore appears that those entitled to practice are limited to residents of this State and of adjoining States providing they maintain an office here. This has been specifically provided in section 470. Attorneys regularly admitted who subsequently move or fail to maintain an office here lose the right originally acquired”. (See, also, Matter of Fordan, 5 Misc 2d 372; Park Lane Commercial Corp. v Travelers Ind. Co., 50 Misc 2d 231.)
THE UNCONSTITUTIONALITY OF THE RESIDENCY REQUIREMENT FOR ADMISSION TO THE BAR
In November, 1979, our Court of Appeals in Matter of Gordon (48 NY2d 267), ruled unconstitutional the provision of CPLR 9406 (subd 2) which requires that an applicant for admission to practice be “an actual resident of the state of New York for six months immediately preceding the submission of his application”. The court found that such requirement violates the privileges and immunities clause of article IV of the United States Constitution. It did not pass on the question of whether such requirement violates the due process and equal protection clauses, noting (supra, p 270, n 6) that challenges on such grounds had been rejected in Matter of Tang, (supra) and in other cases.
The court stated (48 NY2d 266, 270-272, supra):
*375 “The principal purpose of the privileges and immunities clause, like the commerce clause, is to eliminate protectionist burdens placed upon individuals engaged in trade or commerce by confining the power of a State to apply its laws exclusively to nonresidents *** In essence, the clause prevents a State from discriminating against nonresidents merely to further its own parochial interests or those of its residents * * * it is settled that a State may not premise an individual’s right to engage in his chosen occupation within its borders solely on residence. ***
“No extended discussion is necessary to demonstrate that the right to pursue one’s chosen occupation free from discriminatory interference is the very essence of the personal freedom that the privileges and immunities clause was intended to secure *** It is now beyond dispute that the practice of law, despite its historical antecedents as a learned profession somehow above that of the common trades, is but a species of those commercial activities within the ambit of the clause”.
In its decision, the court Toomer v Witsell (334 US 385, 396) where it was said: “one of the privileges which the clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that State.”
ANALYSIS
Prior to the Gordon decision, the effect of the interplay of CPLR 9406 (subd 2) and section 470 of the Judiciary Law was that an applicant had to be an actual resident of the State for at least six months immediately preceding admission. Thereafter to practice he would have to remain a resident or move to an adjoining State, in which case he was required to maintain an office here. Since a resident could obviously employ his home as his office (as do many attorneys particularly in rural areas), there is no statutory requirement of an office for a resident.
Thus, prior to the November, 1979 decision in Gordon, plaintiff’s attorney, although a resident of an adjoining State (Pennsylvania), could not practice in New York, even if he had been admitted at that time, because of his failure to maintain an office here.
*376 As a result of Gordon, it is clear that the restriction on section 470 of the Judiciary Law limiting the nonresidents who can practice here to those who reside in adjoining States is unconstitutional. If there is no need to be a resident to be admitted, there can be no such requirement in order to practice.
Therefore, the issue before the court, which I find to be one of first impression, is:
(1) whether as a result of the elimination of the residency requirement, the statutory provision that nonresidents of adjoining States must have offices here in order to practice is still applicable, and if so,
(2) . whether the Gordon constitutional interpretation bars enforcement of such statutory requirement.
STATUTORY CONSTRUCTION
The construction issue presented is whether section 470 should now be interpreted to: (1) require a local office for all nonresident lawyers, (2) require a local office only for residents of adjoining States, or (3) be of no force and effect.
Since Gordon dealt with the right to practice and not the office maintenance issue, statutorily the office requirement is thus still applicable to residents of adjoining States. To then leave the requirement binding on such persons without being applicable to residents of other States would constitutionally be impermissible. (See Toomer v Witsell, 334 US 385, supra; Hicklin v Orbeck, 437 US 518.) Hence, I find that statutorily such requirement is now applicable to all nonresidents who appear as attorney of record in the courts of this State.
CONSTITUTIONAL ISSUE
Having determined the construction as aforesaid, the next question presented is whether the Gordon constitutional interpretation requires a striking of the local office mandate.
In Hicklin v Orbeck (supra, p 525), the basic tenet of the privileges and immunities clause was stated to be that: “a resident of one State is constitutionally entitled to travel [from one State] to another State for purposes of employment free from discriminatory restrictions in favor of state residents imposed by the other State.”
*377 In determining whether a State accorded “substantial equality of treatment” to citizens of other States, our Court of Appeals in Salla v County of Monroe of State of N.Y. (48 NY2d 514, 522) summarized the test as twofold, to wit: “When a right protected by section 2 of article IV is infringed, a court must first determine whether ‘perfectly valid independent reasons’ for the disparity of treatment exist. But that is not enough. It must also decide whether, quantitatively or qualitatively, the degree of discrimination bears a truly ‘close relation’ to the reasons assigned”.
It can be argued that to require an office in New York (which will necessitate concomitant expenses and tax ramifications) in order to appear as attorney of record would have the consequence of effectively economically barring many nonresidents from practicing in our courts. As I see it, the answer to this is that the requirement of a New York location places the nonresident in no different position than a resident. The fact that the nonresident must also maintain a residence and/or office elsewhere does not mean he is being discriminated against in the State of New York. On the contrary, if we were to permit him to avoid the expenses of a New York location including the payment of local taxes, we might be creating a discriminatory benefit in his favor.
It has been reported in the press that one large New York bank is moving its credit card operations to South Dakota. If plaintiff’s attorney is entitled to institute this lawsuit, similarly a South Dakota resident who obtained admission to the New York Bar but only maintained an office in Sioux Falls, South Dakota, could be retained by such bank to institute collection actions against New York residents in our courts. I believe that there are valid reasons why New York should be able to prohibit such an attorney from instituting such suits.
There is a public policy of attempting the settlement of litigation before trial to avoid court congestion. The availability of local counsel is an asset in this regard. Meetings between disputants may be facilitated and telephonic communication may be made more easily and less expensively. Further, papers needing service on short notice before a *378 hearing, such as an injunction and stay motions, may be readily served.
Although an attorney with an office in Jersey City, New Jersey, may be closer to litigants in New York City than one in Buffalo, New York, the use of State borders to satisfy a requirement of local presence is not improper as it is obviously not an arbitrary determination.
CONCLUSION
In light of the above, I find that the local office requirement for nonresidents does not result in disparate treatment and the fact that litigation can be more effectively resolved without a trial if there is a local presence justifies such a mandate.
The court is only passing on the question of whether a nonresident may act as attorney of record without maintaining an office here. What other legal practice he may engage in as a member of the New York Bar is not before the court.
Plaintiff’s application for the ex parte order is denied because its attorney is not authorized to appear.