OPINION OF THE COURT
Alan J. Saks, J.
Plaintiff’s attorney of record is Gerald Hecht, Esq. His office address of record is on Sugar Hollow Road, Danbury, Connecticut, and he appears to be a member of the New York, Connecticut and Pennsylvania Bars. He has applied to enter a default judgment for $2,842.37, the sum certain sued for, together with an attorney fee of 20% thereof, namely, $568.47. The application is denied in toto for the following reasons:
1. A nonresident attorney, even one admitted to the Bar in New York, may not practico law in this State unless he or she maintains a bona fide office in this State. (See Judiciary Law, § 470; White Riv. Paper Co. v Ashmont Tissue, 110 Misc 2d 373.)
2. Even if plaintiff’s attorney was qualified to practice in this State, and notwithstanding the contract provision purporting to authorize attorney fees, no such fee may be collected in this matter, because the suit is not on a retail installment credit agreement (RICA) but on a retail installment obligation (RIO). A RICA, as defined in subdivision 8 of section 401 of the Personal Property Law is the device most commonly used in credit card arrangements, i.e., a form of revolving credit. It is expressly provided in subdivision 8 of section 401 of the Personal Property Law that a RICA is not present if a RIO is. A RIO is an *1077 agreement pursuant to which a buyer of goods or services promises to pay the debt thereby incurred in installments. (See Personal Property Law, § 401, subd 7.) The distinction is crucial, not merely semantic, because subdivision 5 of section 413 of the Personal Property Law provides that a RICA may authorize collection of attorney’s fees not exceeding 20%, whereas subdivision 6-a of section 402 of the Personal Property Law renders void any provision for payment of attorney’s fees in a RIO. The contract sued on is simply an agreement by defendant enrolling her son in plaintiff’s private school and promising to pay tuition, etc., in installments, that is a RIO.
3. Even if this agreement were a RICA, it would stand in violation of subdivision 5 of section 413 of the Personal Property Law because that statute permits collection of attorney’s fees if the RICA provides for the payment of attorney’s fees not exceeding 20% of the amount due. The contract clause relied on herein is open ended as to amount and is thus void as against the public policy expressed in subdivision 5 of section 413 of the Personal Property Law.
4. On top of everything else, an attorney’s fee of $568.47 on a default judgment of $2,842.37 would not be justified on a quantum meruit basis and would be grossly inequitable, especially considering that when defendant’s son withdrew from the school, she had already paid more than half of the tuition. Subdivision 5 of section 413 of the Personal Property Law does not automatically fix the allowable attorney’s fee at 20%. It simply permits recovery up to that amount, when the statute is applicable, if such fee has been earned in terms of services performed.
The application is denied and, on the court’s own motion, the clerk is directed to vacate defendant’s default and to dismiss this action, without costs, without prejudice to renewal in the proper manner.