OPINION OF THE COURT
Herman Cahn, J.
Section 470 of the Judiciary Law requires an attorney residing out of State to maintain an office here in order to practice in this State. This motion addresses that requirement as to an attorney who maintains "desk space” in another’s office.
*971 Plaintiffs motion, pursuant to CPLR 4403, to confirm the report of Judicial Hearing Officer Morton R. Tolleris, is granted.
Defendant moves to dismiss the action on the grounds that it was invalid, having been brought by an attorney not maintaining a bona fide office in New York State, and not having filed the required registration. By order of the court, dated October 26, 1988, the issue of whether or not plaintiffs attorney, Ira B. Marshall, Esq., maintains a bona fide office in this State, was referred to a Judicial Hearing Officer to hear and report.
The Judicial Hearing Officer found that Ira B. Marshall, Esq., a resident of New Jersey, was admitted to practice in New York State in October 1960. He maintained an office in rented space from 1976 to 1986. In 1986, when the lease on his Manhattan office expired, he entered into an arrangement with one Sheldon Feinstein, Esq., an attorney with an office in Flushing, New York. Pursuant to that arrangement, Marshall pays a small monthly rent to Feinstein, in exchange for desk space in Feinstein’s office, use of Feinstein’s secretarial staff to take telephone messages, listing of Marshall on the door of the Feinstein office and the listing on Feinstein’s stationery as "of counsel”.
Additionally, the Judicial Hearing Officer found that Marshall did pay the license fee to register as a practicing attorney, in 1986.
Judiciary Law § 470 states, in pertinent part, as follows: "A person, regularly admitted to practice as an attorney and counselor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counselor, although he resides in an adjoining state.” (Emphasis added.)
The rationale for the requirement of a local office for the practice of law here is to allow the State to exercise its police power over those who would counsel and appear in its courts (Matter of Tang, 39 AD2d 357 [1st Dept 1972]) and to facilitate the service of papers, the use of the remedy of attachment (Matter of Fordan, 5 Misc 2d 372 [Sur Ct, NY County 1956]) and to allow Bar admission authorities an opportunity to observe and evaluate an applicant’s character. (Matter of Gordon, 48 NY2d 266 [1979].)
Nothing in the statute states the size or type of office required to be maintained. Specifically, a rental of desk space, *972 with a telephone which is answered, as here, suffices. Neither the telephone nor the desk need be exclusively that of the attorney. Here, the Judicial Hearing Officer found that telephone messages or calls to the attorney were answered and forwarded to the attorney. Mail was apparently forwarded to the attorney. This suffices to meet the requirements of the statute.
Implicit in the requirements of the statute is the expectation that adversaries and others dealing with the attorney will be able to serve legal notices at the New York address. Thus, defendant’s attorney herein need not serve legal papers on the attorney’s New Jersey office, but may avail themselves of the New York office for that purpose.
Accordingly, the motion to confirm the report of the Judicial Hearing Officer is granted. The summons and complaint is deemed amended to reflect Marshall’s New York office address, as he testified to before the Judicial Hearing Officer.
Defendants are to answer or move with respect to the complaint, within 10 days of service of a copy of this order upon their attorney.