OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent. Respondent moves to vacate any default judgment and warrant of eviction against her in this proceeding, pursuant to CPLR 5015 (a) (1), and to dismiss this proceeding for lack of subject matter jurisdiction and for failure to state a cause of action, pursuant to CPLR 3211 (a) (2) and (7).
Petitioner allegedly demanded the rent claimed due in this proceeding by service of a three-day notice in writing, pursuant to RPAPL 711 (2). The three-day notice here was not physically signed by anyone. The word "By” was printed at the bottom of the notice, and thereafter were typed the words:
"fazal realty corp
"n. y. corporation”.
General Construction Law §46 provides: "The term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” As the statute provides, a signature must be placed on a document "with intent”. (See, David v Williamsburgh City Fire Ins. Co., 83 NY 265, 268-269 [1880]; People v Lo Pinto, 27 AD2d 63 [3d Dept 1966].) Generally, a signature may be typewritten, as long as it is adopted as such. (Brooklyn City R. R. Co. v City of New York, 139 Misc 691 [App Term, 2d Dept 1930].)
A demand for rent pursuant to RPAPL 711 (2) need not be made by the landlord, unless the lease between the parties requires the landlord to make the demand. (615 Co. v 354 E. 66th St. Realty Corp., NYLJ, Jan. 30, 1991, at 21, col 2 [App Term, 1st Dept]; Beau Arts Props. Co. v Whelan, NYLJ, Jan. 12, 1990, at 21, col 2 [App Term, 1st Dept].) However, if the demand is not made by the landlord, it must be made by someone with authority to make the demand on behalf of the landlord. (Kwong v Ng, NYLJ, Jan. 17, 1990, at 22, col 4 [Civ Ct, NY County]; see, Siegel v Kentucky Fried Chicken, 67 NY2d 792 [1986].)
A typewritten signature on a three-day demand for rent is insufficient standing alone. (Warehouse Eyes v Hann, NYLJ, *398 Dec. 19, 1990, at 22, col 4 [Civ Ct, NY County].) The rationale of Kentucky Fried Chicken (supra) clearly applies to a three-day rent demand notice. It is not clear from a typewritten signature on a three-day rent demand notice that the landlord has the intention to adopt the typewritten signature as his or her signature. To demonstrate such, the landlord, or someone with authority to sign on his or her behalf, must physically sign the demand in script, printing or some other form of mark. Alternatively, an authorization can be attached to a three-day rent demand with a typewritten signature, and the authorization must have on it a signature in script, printing or some other form of mark which demonstrates that the typewritten signature was authorized by the landlord. Otherwise, anyone could type a signature on a three-day rent demand, and the tenant would not know that the signature was by an authorized person.
The above requirement is particularly so for a corporate landlord, as here, which must act by an authorized person. A tenant is entitled to know that the three-day demand is made by a person who is authorized to act on behalf of the corporation. This is even more so here where respondent questions whether this corporate petitioner is her landlord. (Cf., Fairview Co. v Idowu, 148 Misc 2d 17, 20 [NY City Civ Ct, Richmond County 1990].) Further, petitioner does not even submit an affidavit in opposition to respondent’s motion from a person with knowledge that the signature on the three-day demand was intended to be adopted by the corporate petitioner as its signature.
A proper demand for rent is a jurisdictional predicate to commencement of a summary proceeding for nonpayment of rent. (Solack Estates v Goodman, 102 Misc 2d 504 [App Term, 1st Dept 1979].) Thus, due to petitioner’s failure to serve a proper three-day rent demand, this proceeding must be dismissed, pursuant to CPLR 3211 (a) (2). Further, due to the petition’s failure to clearly identify the petitioner as a corporation created under the laws of the State of New York, as required by CPLR 3015 (b), the petition is also dismissed, because of the failure of petitioner to state a cause of action, pursuant to CPLR 3211 (a) (7). Although such a defect is amendable (Jackson v New York City Horn. Auth., 88 Misc 2d 121, 122 [App Term, 1st Dept 1976]), no motion to amend was made. Because the dismissal is based on the above two reasons, the court does not reach the merits of this proceeding, and the proceeding is dismissed without prejudice.
*399 If not for the dismissal, the court would have granted respondent’s motion to vacate her default, pursuant to CPLR 5015 (a) (1). Respondent states that she reads Spanish only, lives alone, has lived in the subject premises for about 25 years, and has never been a party to a legal action before. Thus, she says that she did not understand either the purpose of the notice of petition and petition, which were printed in English only, or the time limit in which she had to answer the petition. Under the circumstances, clearly respondent has set forth a justifiable excuse for her default. Besides the above-stated meritorious defenses, respondent questions petitioner’s standing to sue herein, disputes the amount of rent claimed due, and asserts a breach of warranty of habitability defense. Therefore, respondent has demonstrated excusable default.