■ ARNOLD ROSENSHEIN, Appellant, v ROBERT ERNSTOFF, Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered November 13, 1990, which denied plaintiff's motion seeking leave to enter a judgment of default, unanimously modified, on the law, facts and in the exercise of discretion to the extent of extending plaintiff's time in which to file a reply to the counterclaim for a period of thirty (30) days from the date of entry of this order, and otherwise affirmed, without costs.

Plaintiff argues that defendant failed to properly appear in this action because defendant's attorney, who prepared the answer, endorsed the answer using the name and address of a Boston, Massachusetts law firm. This claim has no merit. Section 470 of the Judiciary Law provides that a non-resident attorney duly admitted to practice law in New York State, may practice as an attorney in this State if the State in which counsel resides adjoins the State of New York and if counsel maintains an office in New York State. Defendant's counsel, Ivy Medel, Esq., meets these minimum criteria inasmuch as she affirms she was admitted to the New York State Bar in 1989, she has maintained an office at 625 Amsterdam Avenue and 242 West 49th Street, New York, N. Y., and that she is a Massachusetts State resident. *(See generally, Matter of Tang,* 39 AD2d 357, *appeal dismissed* 35 NY2d 851.) Plaintiff's proof that, *inter alia,* attorney Medel's name does not appear in the 1990 NYNEX Telephone Directory or the residential listing at 625 Amsterdam Avenue—which does bear the name of a Sandra Medel—is insufficient to disprove the asserted fact that attorney Medel maintains an office in New York.

Plaintiff's claim that the unverified answer is a nullity because the complaint served was verified *(see generally,* CPLR 3020 [a]), is without merit. Here, such deficiency is deemed waived as the record nowhere indicates plaintiff provided defendant with the requisite notice of his intent to treat the answer as a nullity on this ground. *(See,* CPLR 3022; *Matter of Lentlie v Egan,* 94 AD2d 839, 840, *affd* 61 NY2d 874.)

Plaintiff, who had reason to question the answer in light of its endorsement by Boston-based counsel, immediately notified defendant of this defect, and should not, under the circumstances, be penalized for not having timely replied to the counterclaim. Plaintiff's time in which to serve and file a reply to the counterclaim is extended for a period of thirty (30) days from the date of entry of this order.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.