*835 OPINION OF THE COURT
Richard F. Braun, J.
Respondent Greida Otero (respondent) moves to dismiss the petition in this summary holdover proceeding. One ground for dismissal is that the verification of the petition is defective.
The petition is verified by petitioner’s attorney. The verification is stated to be made pursuant to RPAPL 741, and states that the allegations of the petition are "true as to [the attorney’s] knowledge except as to matters stated to be upon information and belief.” No allegations of the petition are made upon information and belief.
Respondent contends that petitioner’s attorney does not really have personal knowledge. Whether petitioner’s attorney actually has personal knowledge of all of the allegations of the petition cannot be determined by this court on the motion papers but rather the assertion must be taken as true in determining this motion. (Cf., Anguita v Koch, 179 AD2d 454, 457 [1st Dept 1992] [same as to the factual averments of a complaint on a motion to dismiss made pursuant to CPLR 3211 (a) (2)].)
Petitioner argues that respondent did not raise her objection to the propriety of the verification in a timely fashion, in violation of CPLR 3022, which requires that due diligent notice be given to the attorney for the adverse party of an objection to a purportedly defective verification. If notice is not given with due diligence, any objection to the verification is deemed waived. (See, Rosenshein v Ernstoff, 176 AD2d 686 [1st Dept 1991].)* Some courts have set forth specific time limits for raising an objection with due diligence. (See, Matter of Lentlie v Egan, 94 AD2d 839, 840 [3d Dept 1983], supra, affd 61 NY2d 874 [1984]; Matter of O’Neil v Kasler, 53 AD2d *836 310 [4th Dept 1976]; State of New York v McMahon, 78 Misc 2d 388 [Sup Ct, Albany County 1974]; KFJ Realty Co. v Second Ave. Boutique, NYLJ, June 5, 1991, at 23, col 4 [Civ Ct, NY County, Collazo, J.]; Westchester Life v Westchester Mag. Co., 85 NYS2d 34 [Sup Ct, NY County 1948]; see also, Able Breaking Corp. v Consolidated Edison Co., 88 AD2d 649 [2d Dept 1982].)
Respondent attacks the verification as violative of CPLR 3021, which is entitled: "Form of affidavit of verification.” CPLR 2101 (f) provides that a defect in the form of a paper is waived unless an objection to it is made within two days after receipt of the paper. However, CPLR 2004 permits a court to extend this time limit whether the request to extend is made before or after the expiration of the two-day period. Thus, a rejection of a verification made after two days can, under the appropriate circumstances, be deemed made with due diligence nunc pro tune.
As alluded to by this court in dictum in Kann v Kann (NYLJ, Feb. 4, 1991, at 28, col 1 [Civ Ct, NY County]), the interpretation of the term "due diligence” under CPLR 3022 must turn on the particular circumstances. While due diligence could be within two days of a party’s receiving a verification in a particular instance, it may not be in another. In a summary proceeding, the purpose of RPAPL 741’s requiring a petition to be verified is to attempt to insure that the petition in an eviction proceeding is truthful by making the verifier stand behind the pleading under oath. As it is a summary proceeding, the petitioner is entitled to a reasonably swift rejection of a defective verification. However, a generally prescribed short time limit for due diligent notification of the rejection of a verification should not be inflexibly applied as the standard in all proceedings and actions.
Here, respondent asserts that she received the petition on January 13, 1993. Both respondent and her attorney state that, on January 19, 1993, she went to the latter’s office to seek representation. On January 21, 1993, respondent’s attorney decided to represent her, but the retainer agreement between them was not signed until January 26, 1993. The notice rejecting the verification was sent by respondent’s attorney to petitioner’s attorneys on January 22, 1993. Respondent’s motion papers show that an interpreter employed by respondent’s attorney translated for respondent from English into Spanish the affidavit in support of her motion. Therefore, under these circumstances of the attorney for *837 respondent rejecting the verification within 24 hours of the date that he determined to represent this non-English-speaking respondent, the due diligence standard was met. (Cf., Fazal Realty Corp. v Paz, 151 Misc 2d 396 [Civ Ct, NY County 1991] [the inability of a non-English-reading tenant to be able to understand the notice of petition and petition constituted a sufficient excuse to vacate her default].)
In attacking the validity of the verification, respondent tries to draw a distinction under CPLR 3020 (d) (1) and (3) between a verification made by an attorney pursuant to RPAPL 741 where the party is a domestic corporation, versus where it is a foreign corporation. The only assertion that petitioner is a domestic corporation is made by respondent’s counsel upon information and belief. No documentation in support of that belief is submitted. Neither the petition nor petitioner’s opposition papers to the motion speak to whether petitioner is a domestic or foreign corporation. However, if petitioner is a foreign corporation, then clearly its attorney can verify the petition under appropriate circumstances, pursuant to RPAPL 741 and CPLR 3020 (d) (3). If it is a domestic corporation, the same provisions permit it to have its attorney verify the petition. (Teachers Coll. v Wolterding, 75 Misc 2d 465 [Civ Ct, NY County 1973], revd on other grounds 77 Misc 2d 81 [App Term, 1st Dept 1974].) Although CPLR 3020 (d) (l)’s use of the word "shall” would appear to mandate that a domestic corporation’s verification be made by an officer thereof, the same seemingly mandatory term is used in CPLR 3020 (d) which states: "The verification of a pleading shall be made by the affidavit of the party.” If it were the rule that only a party could verify a pleading, then CPLR 3020 (d) (3)’s permitting an attorney or agent to verify under certain circumstances would be rendered meaningless, which is of course an improper statutory construction. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 144; Palmer v Van Santvoord, 153 NY 612, 616 [1897].)
Next, respondent contends that, in violation of CPLR 3021, the verification does not state the reason why the verification is not made by petitioner. The Court of Appeals has stated that, where someone other than a party verifies a pleading, "there must be careful compliance with the mandates of CPLR 3021.” (Matter of Giambra v Commissioner of Motor Vehicles, 46 NY2d 743, 745 [1978].) This, petitioner does not do. The verification in fact does not state why petitioner is not verifying the petition. Therefore, respondent is correct that the verification is defective.
*838 Petitioner does request in its answering papers that, if dismissal is required, then leave to amend be granted, but petitioner neither cross-moves for such relief nor submits a proposed amended verification. (Cf., Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639 [2d Dept 1960] [proposed amended complaint]; Hoisting Mach. Co. v Elderfields Reservation, 195 App Div 893 [1st Dept 1921] [proposed amended answer]; Plitt v Illinois Sur. Co., 165 App Div 973 [1st Dept 1914] [proposed amended complaint].) (A proposed amended pleading must be submitted with a motion for leave to amend the pleading.) Thus, based on the foregoing defect in the verification, the petition must be dismissed, but the court will treat petitioner’s request as one for leave to replead, pursuant to CPLR 3211 (e). (See, Hablin Realty Corp. v McCain, 123 Misc 2d 777, 778 [App Term, 1st Dept 1984].)
Therefore, the petition is dismissed without prejudice. There is no basis for respondent’s request to dismiss the petition with prejudice. Petitioner may plead again by supporting its petition by an amended verification, or commence a new proceeding if it so desires.

 Rosenshein v Ernstoff (Rosenshein) concerned an unverified pleading. (176 AD2d, at 686, supra.) Thus, Rosenshein is not directly controlling here where the pleading was verified but the verification was defective. Given the Rosenshein Court’s citation to CPLR 3022 and Matter of Lentlie v Egan (94 AD2d 839) (like here, it concerned rejection of an improperly verified pleading, and spoke of a maximum 24-hour rejection time period), it appears that the Appellate Division, First Department, may interpret that a defective verification must be rejected within 24 hours. However, when the issue as to the rejection of defective verifications is confronted, a flexible standard ought to be utilized. For to do otherwise would gut the statutory requirement that certain types of pleadings and bills of particulars be verified. (See, e.g., CPLR 3020 [a]; 3044, 7804 [d].) This would be particularly so where the defect would expectedly not be apparent to a party who is not represented by counsel at the time of service of the verification.