OPINION OF THE COURT
Edward H. Lehner, J.
The issue most hotly contested before me was whether the *934 claimed office of the nonresident attorney who appeared on the instant motion on behalf of the plaintiff, which office is located in the basement of a restaurant and bar in which the attorney has a proprietary interest, may be considered an "office for the transaction of law business” within the meaning of that term in section 470 of the Judiciary Law.
The complaint herein states, in the preamble: "Plaintiff * * * by his attorneys Barrymore & Loots, alleges”, and concludes in the typed portion: "Barrymore & Loots by Mark E. Herlihy (of counsel), attorneys for plaintiff”, with a sticker placed under the typed material showing a different law firm, to wit, Levi Perry Simmons & Loots P. C. (the Levi firm), with a Washington, D.C. address and telephone number. The summons, as filed with the County Clerk on March 14, 1995, shows Barrymore & Loots as attorneys for plaintiff, with a Washington, D.C. address and phone number (different from that of the Levi firm), with the following addition: "Attn: Mark E. Herlihy, Esq., c/o Sheridan Acquisitions Corp., 59 Christopher Street, Greenwich Village, N. Y. 10014”, with no New York telephone number. Such summons failed to state a venue or the number of days in which defendant has to serve his answer.
The summons, as allegedly served, does contain a venue, but not the number of days in which to answer the summons, and has the Levi firm as attorneys for plaintiff, rather than Barrymore & Loots, with a different address in Washington, D.C. Thus, the summons served upon defendant was not a copy of the summons as filed.
By stipulation dated July 7, 1995 between Kornstein, Veisz & Wexler (the Kornstein firm) as attorneys for defendant, and the Levi firm as attorneys for plaintiff, the timé of defendant to answer or move was extended to August 18, 1995. The Kornstein firm subsequently moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and (8). For reasons unexplained, that motion was adjourned 10 times in the submission part and did not come on for oral argument before me until June 21, 1996. By that time David Goldstein had been substituted as attorney for defendant.
At oral, argument the issue was raised as to whether the law firm which appeared for plaintiff was entitled to act as attorneys of record. A hearing was then held at which Mark Herlihy testified that he was admitted to the New York Bar in 1978, but had lived in Washington, D.C. for several years. He acknowledged that no partner or associate of Barrymore & *935 Loots was a member of the New York Bar, but stated that he was "of counsel” to that firm. His explanation for the use of the names of two different law firms on the papers was that there was a merger effective in May 1995 between two firms that resulted in his becoming a partner of the Levi firm in May, and that before service was effected on defendant he merely placed stickers on the papers with the name of the new firm, but did not alter the typed portions of the complaint which showed Barrymore & Loots as plaintiff’s attorneys.
Discussion
Since the summons and complaint were filed by a firm, Barrymore & Loots, in which no partner or associate was a member of the Bar of this State, it was therefore a nullity and for this reason alone dismissal of the complaint is granted.
But I find that even if Mr. Herlihy’s relationship with the Washington firms would enable them to act as attorneys for plaintiff, the complaint must nevertheless be dismissed due to his failure to maintain a bona fide law office in this State.
Section 470 of the Judiciary Law states: "A person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state.”
Mr. Herlihy testified at the hearing that he is a shareholder of Sheridan Acquisitions Corp., the entity that operated the bar and restaurant in lower Manhattan known as the Lion’s Head. He stated that he is not admitted to the Bar in any State other than New York, his practice essentially dealing with international matters. The space which he claims to be his law office is located in the basement of the restaurant and bar and can be reached only by going through the kitchen and down a flight of stairs into a room described by Mr. Herlihy as the size of the jury box, and by a bartender as being 10 feet by 12 feet. The room contains three desks, none of which Mr. Herlihy claims to be his. The law literature therein is limited to a copy of the Federal Rules of Civil Procedure. Mr. Herlihy has reported no New York income for the past five years, has no employees, and on his registration with the Office of Court Administration and his membership in the Association of the Bar of the City of New York, he lists a Washington address as his office. The bartender testified that he had never been told that he was authorized to accept service of papers, and the liquor license for the premises indicates that no other business *936 will be conducted at the location. Mr. Herlihy’s name is not listed in any New York telephone directory, nor did his name anywhere appear on the premises.
Mr. Herlihy first attacks the constitutionality of section 470. The Attorney-General, having been informed of such challenge, declined the invitation to participate in the litigation.
Section 470 had its origin in 1866 and has been in the law in the same form since 1909. Although the wording is somewhat awkward in that it does not state that one must reside in the State in order to practice here, the clear intent is that in order to practice in New York one must reside in the State or an adjoining State (see, Matter of Tang, 39 AD2d 357, 359, appeal dismissed 35 NY2d 851; Rosenberg v Johns-Manville Sales Corp., 99 Misc 2d 554, 557).
In Matter of Gordon (48 NY2d 266, 269) the CPLR provision which required that an applicant for admission to the Bar be " 'an actual resident of the state of New York for six months immediately preceding the submission of his application’ ” was ruled unconstitutional as violative of the Privileges and Immunities Clause of article IV of the United States Constitution.
In 1981 in White Riv. Paper Co. v Ashmont Tissue (110 Misc 2d 373), I ruled that in light of the decision in Gordon (supra) it would be unconstitutional to limit nonresidents who wish to practice here to those who reside in adjoining States, and similarly unconstitutional to continue the requirement for the maintenance of a local law office to only residents of adjoining States, citing Toomer v Witsell (334 US 385) and Hicklin v Or-beck (437 US 518). Therefore, to uphold constitutionality, I ruled that the statute would be interpreted to require a local law office for all nonresidents who wish to appear as attorneys of record in courts of this State.
As so interpreted, I believe that it cannot be said that the requirement for a local office lacks a rational basis, and thus invalidity has not been "demonstrated beyond a reasonable doubt” (Matter of McGee v Korman, 70 NY2d 225, 231), as " 'perfectly valid independent reasons’ for the disparity of treatment exist” (Salla v County of Monroe, 48 NY2d 514, 522) for requiring a local office for a nonresident, but not for a resident (who can employ a home as an office).
As I stated in White Riv. Paper Co., "if we were to permit [a nonresident] to avoid the expenses of a New York location including the payment of local taxes, we might be creating a discriminatory benefit in his favor” (White Riv. Paper Co. v *937 Ashmont Tissue, supra, at 377). Further, a local office facilitates service of papers when short notice is required. Although a New York City attorney would obviously be closer to a lawyer in Jersey City than one in Buffalo, the use of State borders to satisfy a requirement of a local presence cannot be said to be arbitrary.
In Supreme Ct. of N. H. v Piper (470 US 274), it was determined in 1985 that it was unconstitutional to prohibit a nonresident from being admitted to practice in New Hampshire (after she passed the Bar examination), holding that a "State may discriminate against nonresidents only where its reasons are 'substantial,’ and the difference in treatment bears a close or substantial relation to those reasons”, and that no such showing was made on the issue before the court (at 288). The majority did not discuss the local office requirement, but in his concurring opinion Justice White stated that he "would postpone to another day such questions as whether the State may constitutionally condition membership in the New Hampshire Bar upon maintaining an office for the practice of law” in the State (at 289). Thus, in that case the Court actually decided only the issue of the right to admission which, of course, is not an issue before me.
Three years later, in Supreme Ct. of Va. v Friedman (487 US 59), the question posed related to Virginia’s refusal to allow an attorney who had not become a permanent resident of the State to gain admission to the Bar on motion (rather than by way of examination). Following its decision in Piper (supra), the Court found such restriction unconstitutional, noting that "the requirement that applicants maintain an office in Virginia facilities compliance with the full-time practice requirement in nearly the identical manner that the residency restriction does, rendering the latter restriction largely redundant” (at 70). This statement would seem to give support to the constitutionality of a local office requirement.
Finally, none of the reported New York cases dealing with section 470 have discussed constitutionality, and the statute has been enforced where it was found that no bona fide office was maintained (Rosenberg v Johns-Manville Sales Corp., 99 Misc 2d 554, supra; Cheshire Academy v Lee, 112 Misc 2d 1076; Park Lane Commercial Corp. v Travelers Indem. Co., 50 Misc 2d 231; Matter of Fordan, 5 Misc 2d 372). The fact patterns in the cases where the statute has been found satisfied (Keenan v Mitsubishi Estate, 228 AD2d 330; Matter of Scarsella, 195 AD2d 513; Rosenshein v Ernstoff, 176 AD2d 686; Austria v *938 Shaw, 143 Misc 2d 970) are clearly distinguishable from that herein. Here, Mr. Herlihy’s local presence is based solely on his being part owner of a business that provides him the use of a desk in a tiny room in the basement thereof. Under the circumstances presented, if Mr. Herlihy were deemed to have satisfied the requirement of maintaining an "office for the transaction of law business”, as contemplated by section 470, then the section would become completely vitiated.
In conclusion, I find section 470 constitutional as interpreted as aforesaid, and that Mr. Herlihy did not maintain an office for the transaction of law business in the State. Therefore, although plaintiff (an individual) could have commenced this action pro se, institution based on Mr. Herlihy’s license to practice here (assuming the action having been commenced by reason of such license) is a nullity. Hence, for this additional reason, the complaint is dismissed.
In light of the foregoing, the issues relating to the manner in which the action was instituted (absence of venue and the time in which to answer on the summons, and the differences between the filed papers and the papers served upon defendant), and whether jurisdiction was obtained (including the effect on such issue of the stipulation extending the time to answer signed by the Kornstein firm) need not be resolved, nor is the court determining whether the action can subsequently be reinstated under the provisions of CPLR 205 (a) or otherwise.
Accordingly, the clerk shall enter judgment dismissing the complaint without prejudice.