■ RALPH NEAL, Respondent, v ENERGY TRANSPORTATION GROUP, INC., et al., Appellants. [744 NYS2d 672] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about July 26, 2001, which, insofar as appealed from, denied defendants' motion to dismiss, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed, without prejudice to commencement of a proper action. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

It has been held that Judiciary Law § 470 requires all non-resident attorneys to maintain offices in New York in order to practice law in this state (*see, Lichtenstein v Emerson*, 171 Misc 2d 933, *affd* 251 AD2d 64). In *Lichtenstein*, upon finding that the plaintiff's attorney did not maintain such an office, the court explained that, "institution [of the action] based on [the attorney's] license to practice * * * is a nullity" (171 Misc 2d at 938, *supra*). Dismissal is therefore required here, albeit without prejudice to commencement of a new action (*see, Cheshire Academy v Lee*, 112 Misc 2d 1076; *Rosenberg v Johns-Manville Sales Corp.*, 99 Misc 2d 554). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.