Samuel J. Silverman, S.
On this final accounting by a fiduciary of a deceased fiduciary, the court is asked to fix commissions and allowances.
Decedent died in 1955 leaving as her sole distributee and heir her mentally incompetent son. Decedent’s brother was appointed administrator of the estate and also committee for the incompetent son; In 1957, a purported final accounting was *308 filed by the administrator brother but not carried through to decree. The administrator brother died in 1960. The executor of his estate was permitted to continue the accounting proceeding as fiduciary of the deceased fiduciary. This executor was also the attorney for the brother and acts as his own attorney in the present proceeding. In addition, this executor attorney, along with another person, was appointed co-committee of the incompetent son. In 1968 and 1969, the executor attorney filed accountings, the last of which has been supplemented by an affidavit.
1. This court thoroughly agrees with the statements of Surrogate Sobel in Matter of Engvelt (N. Y. L. J., May 27, 1969, p. 18, col. 4): “Attorneys do have some responsibility to the court to accelerate the final disposition of these small estates. * * * Although no harm resulted to any of the beneficiaries of dispositions under the will, it is and will be the policy of the court to deny commsisions where final accounts are inordinately and unjustifiably delayed.”
2. An excuse given for the delay in this case is that until the payment of a purchase-money mortgage there was no money to meet the expenses of the accounting. I am not persuaded by this. There was cash for some creditors’ claims and other matters that rank below administration expenses. The purchase-money mortgage was already outstanding when in 1960 the present petitioner was substituted in place of the deceased administrator to continue .and conclude the then pending accounting.
3. In the present situation, the amount of compensation is to some extent discretionary with the Surrogate. (SCPA 2207, subd. 6.) In view of the long delay in winding up this estate, no compensation will be allowed to either the estate of the deceased administrator or to his accounting fiduciary for their services as fiduciaries.
4. It is true that the fiduciary and his co-committee have, during the entire period here involved, conscientiously taken care of the incompetent’s interest. But for this they will presumably be compensated monetarily by their application for commissions for their services as committee of the incompetent in the Supreme Court.
5. The fee of the attorney fiduciary for legal services is fixed at $1,500 in addition to the allowance of approximately $150 previously received in connection with the incompetency proceeding.
6. It was the duty of the special guardian (appointed in 1957) to press for winding up this estate and to make appropriate *309 applications to the court to insure this. She did not do so and the court must consider that in fixing her fee. The compensation of the special guardian is fixed at $200.
The court recognizes that both the attorney and the guardian have done far more work than these allowances can compensate them for. If the estate had been promptly administered, they would have had less work and presumably received the same or higher allowances.