In the Matter of LOUISE PRISCO FRISCIA (Admitted as LOUISE B. PRISCO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 14, 1988

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*Nathan R. Sobel (Freda S. Nisnewitz* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on June 27, 1945.

In this proceeding the Special Referee found the respondent

guilty of failing to register as an attorney in compliance with Judiciary Law § 468-a. Two other allegations of professional misconduct were not sustained by the Special Referee, one of which was a charge that for a period of approximately four months the respondent commingled escrow funds with her business and/or personal funds when she deposited a $1,500 escrow check into her interest-bearing checking account.

The respondent moves to confirm the report of the Special Referee. The petitioner moves to confirm in part and disaffirm in part that report.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee except as to his failing to sustain the charge that the respondent commingled escrow funds with her business and/or personal funds. The Special Referee had found that the checking account in question was in fact used as the respondent's escrow account. The respondent has admitted that she utilized the account in question in connection with a business-lending operation, in which she had a personal interest. Commingling takes place when a client's money is intermingled with that of the attorney and its separate identity is lost. We therefore disagree with the Special Referee's finding and hold that the respondent is guilty of commingling. After reviewing all of the evidence, we find that the respondent is guilty of the professional misconduct outlined above. The respondent's motion to confirm the report of the Special Referee is denied to the extent that we find the respondent guilty of the charge of commingling. The petitioner's motion to confirm in part and disaffirm in part is granted to the extent that we confirm the Special Referee's finding as to the respondent's failure to register and is also granted to the extent that we disaffirm the Special Referee's finding as to the charge of commingling, and the motion is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's previously unblemished record as well as the other factors in mitigation advanced by the respondent in this proceeding. Accordingly, the respondent should be, and hereby is, censured for her misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and LAWRENCE, JJ., concur.