OPINION OF THE COURT
Herman Cahn, J.
The defendant moves to dismiss this action on the grounds that plaintiff’s counsel was precluded from practicing law in this State at the time the action was commenced, because he had failed to pay the biennial registration fee as required by section 468-a of the Judiciary Law. Defendant also moves to vacate the court’s long form order dated February 14, 1990.
On September 5, 1987, defendants moved to dismiss this action on the grounds that plaintiff’s attorney was in violation of section 470 of the Judiciary Law because he did not maintain an office in New York City. The matter was referred to a Judicial Hearing Officer to hear and report. In November 1988 *542 the Judicial Hearing Officer reported that plaintiffs counsel did maintain an office in New York as required by section 470 of the Judiciary Law. The Referee’s report was thereafter confirmed by this court.
Defense counsel now moves to dismiss on the grounds that when the action was commenced, plaintiffs counsel had failed to pay the biennial licensing fee required by section 468-a of the Judiciary Law. Movant argues that by reason of such failure, counsel for the plaintiff was not entitled to practice law when the action was commenced. (Plaintiffs counsel states, without contradiction, that the registration fee has since been paid.)
While section 468-a of the Judiciary Law requires an attorney to register and pay a biennial fee, it does not mandate that a failure to register and/or pay the fee bars the attorney from practice. Section 468-a (1) of the Judiciary Law provides that "[ejvery attorney * * * shall file a biennial registration statement with the administrative office of the courts” (emphasis added). Noncompliance with this requirement by an attorney "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action.” (Judiciary Law § 468-a [5].)
Nothing in section 468-a of the Judiciary Law indicates that its violation is cause for automatic suspension from the practice of law. An attorney can be suspended from practice only after the Appellate Division has made such a determination. No cases that so broadly interpret section 468-a of the Judiciary Law have been found, nor have counsel cited any.
The Appellate Division has in several instances, censured an attorney for misconduct, and included nonpayment of the registration fee as one of the acts of misconduct. (Matter of Friscia, 136 AD2d 46.) However that instance is distinguishable from the within action because in those cases, and others cited by defendant, much more egregious behavior on the part of the censured attorneys were involved, aside from nonpayment of the biennial registration fee. Additionally, the court in those cases did not provide for a stay or dismissal of actions commenced by the attorneys.
Accordingly, the motion for dismissal or stay is denied.
The long form order is vacated. Defendants are directed to serve and file an answer within 10 days of service of a copy of this order on their attorney.