■ DOREEN AUSTRIA, Respondent, v RICKY BABINEAUX, Appellant, and PHYLLIS SHAW, Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about November 15, 1991, which, denied defendant Babineaux's motion to dismiss the complaint, unanimously affirmed, with costs.

The sole ground raised by defendant in support of the motion to dismiss was that at the time the summons and complaint were prepared, served and filed, plaintiff's attorney was not "for at least several months", in compliance with Judiciary Law § 468-a, which requires attorneys admitted in this State to file a biennial registration statement with the Office of Court Administration and pay a $300 registration fee. However, as correctly noted by the IAS Court, noncompliance does not result in automatic disbarment or suspension, but is rather to be "referred to the appropriate appellate division of the supreme court for disciplinary action." (Judiciary Law § 468-a [5].) As it happens, plaintiff's attorney, according to statement in lieu of record on appeal filed pursuant to CPLR 5527, brought himself into compliance with the statute immediately upon his receipt of defendant's motion. Inasmuch as the noncompliance was of short duration, unaccompanied by any other misconduct, and immediately cured when pointed out, we see no reason to further consider the matter. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ. [See, 150 Misc 2d 541.]