■ In the Matter of the Estate of GUSEPINA SCARSELLA, Deceased. IDA T. SCARSELLA, Respondent; KATHERINE A. SCARSELLA, Appellant. [600 NYS2d 256] —In a proceeding for the judicial settlement of the account of the executrix of a decedent's estate, the objectant Katherine Ann Scarsella appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated November 26, 1990, as, after a nonjury trial, (1) dismissed certain of her objections, and (2) denied her attorneys' application for an award of legal fees.

Ordered that the decree is affirmed insofar as appealed from, without costs or disbursements.

The decedent Gusepina Scarsella died in November 1982. She had four children, the executrix Ida T. Scarsella, another daughter, and two sons. One of the sons, Richard Scarsella, died on July 5, 1983. The objectant, Katherine Ann Scarsella, is the surviving spouse of Richard Scarsella.

In her last will and testament, the decedent left her residuary estate in equal shares to her four children. The objectant, as administratrix of the estate of Richard Scarsella, raised various objections to the final accounting rendered by Ida T.

Scarsella. She appeals from so much of the Surrogate's decree as, after a nonjury trial, dismissed certain of her objections, and denied her attorneys' application for an award of legal fees. We affirm the decree insofar as appealed from.

The Surrogate properly held that the estate had no interest in the business known as Scarsella's Florist and Greenhouses, Incorporated, which was operated by the executrix and her brother, David. The executrix testified that, to her knowledge, the business was never incorporated and never operated as a corporation. Although a certificate of incorporation indicated that the florist business had been incorporated in 1964, with the decedent and her spouse owning 25% each of the authorized shares, that corporation was dissolved by proclamation in 1980, prior to the decedent's demise.

With respect to the partnership certificate that was admitted into evidence, the executrix testified that based on the suggestion of the accountant for the business, they placed the names of their parents, the decedent Gusepina Scarsella, and her spouse, on the partnership certificate out of respect for them. Clearly, the decedent and her spouse never participated in the business. They did not share in the profits and their estate tax returns do not reflect any interest in the business. Thus, the objectant failed to establish that the decedent and her spouse were partners in the business (see, Matter of Steinbeck v Gerosa, 4 NY2d 302; Williams v Forbes, 175 AD2d 125; De Vito v Pokoik, 150 AD2d 331; Fallone v Misericordia Hosp., 23 AD2d 222, affd 17 NY2d 648), and the court correctly concluded that the estate did not have any interest in it.

The objection pertaining to the executrix's sale of the Laurel Hollow property was also properly dismissed. The subject property which, according to the record, consisted of 1.997 acres, was sold for $200,000, with the terms of payment being the taking back of a $135,000 purchase money mortgage in the estate's name, with a balloon payment of over $100,000 at the end of 10 years. The executrix's appraiser placed the value of the property at $203,200 for estate tax purposes. The objectant's appraiser placed the value of the property at $325,000. However, as the Surrogate noted, this appraisal was predicated upon the premises being used for a legitimate nonconforming commercial purpose, even though the appraiser was not certain whether the use of the property for a business purpose could be classified as a legitimate nonconforming use. To prove that the executrix acted improvidently in the sale of the Laurel Hollow property "[i]t was not enough

for the [objectant] to show that the [executrix] did not get the highest price obtainable; it must be shown that [she] acted negligently, and with an absence of diligence and prudence which an ordinary [person] would exercise in his [or her] own affairs. An honest mistake will not furnish a basis for charging [the executrix]" *(Matter of Brower,* 71 Misc 398, 400). The testimony of the estate's attorney shows that the executrix exercised due diligence in her efforts to dispose of the Laurel Hollow property, and was successful in selling the property for the purchase price of $200,000 in 1984.

We also find that the executrix did not act improperly in her sale of the Harbor Road property. Indeed, any loss to the estate was the result of various claims made by the objectant to prevent the sale.

The objectant's objections to the payment of legal fees to the estate's attorney was properly dismissed, although this attorney had not filed an attorney's registration form with the Office of Court Administration. Judiciary Law § 468-a provides that every attorney shall file a biennial registration statement with the administrative office of the courts and pay a registration fee. Noncompliance by an attorney with this requirement "shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action" (Judiciary Law § 468-a [5]). Thus, as clearly stated by the section, the penalty for noncompliance with the registration requirements is a disciplinary action to be taken by the appropriate Appellate Division, not a denial of legal fees. An attorney's failure to register and pay the fees does not preclude the attorney from practicing law *(see, Austria v Shaw,* 150 Misc 2d 541; *affd sub nom. Austria v Babineaux,* 188 AD2d 271). In any event, the estate's attorney's eventual compliance with the registration requirement renders the issue academic *(see, Austria v Shaw, supra).*

The objectant's contention that the estate's attorney failed to comply with Judiciary Law § 470 is also meritless. The subject section provides that a nonresident attorney duly admitted to practice law in New York State may practice as an attorney in this State if the State in which counsel resides adjoins the State of New York and if counsel maintains an office in New York State. The estate's attorney testified that he was admitted to the New York State Bar in 1942 and that he resided in this State until 1981, when he moved to Pennsylvania. However, he maintains a desk in an office located in Manhattan. He has a telephone there, but at the time of the

trial the number was not listed in the New York telephone directory. He shared the office with a realty company, and there is a secretary there who, even though not on his payroll, is available to him. This testimony shows that he satisfies the requirement of Judiciary Law § 470 *(see, Austria v Shaw, supra)*. It is immaterial that his name did not appear in the New York telephone directory *(see, Rosenshein v Ernstoff,* 176 AD2d 686).

On the facts of this case, the Surrogate properly denied the objectant's attorney a fee payable by the estate. "The general rule is that, where legal services have been rendered for the benefit of the estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate" *(Matter of Burns,* 126 AD2d 809, 812; *see also,* SCPA 2110). However, in such a case, the services rendered must be substantial, and must be directed toward a bona fide issue, and may not be merely nominal in overcoming an obvious erroneous claim by the fiduciary *(see, Matter of Bellinger,* 55 AD2d 448, 451; *Matter of Lounsberry,* 226 App Div 291; *Matter of Graves,* 197 Misc 638).

At bar, although the efforts of the objectant's attorney resulted in the return to the estate of some $42,000, the services were not substantial considering that most of the objections were dismissed, and the actions of the objectant caused a delay of subdivision approval, which prevented the release of the purchase price of the Harbor Road property to the estate. As a result, the estate taxes could not be paid, and the estate had to pay interest on the tax liability. The loss of interest resulting from that delay was very substantial, and it cannot be concluded that the services rendered by the objectant's attorney resulted in a substantial benefit to the estate.

We have considered the objectant's remaining contentions and find them to be meritless. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.