■ In the Matter of FIFTH AVENUE OF LONG ISLAND REALTY ASSOCIATES et al., Appellants-Respondents, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF MUNSEY PARK et al., Respondents-Appellants. [608 NYS2d 90] —In a proceeding pursuant to CPLR article 78 to review resolutions dated November 14, 1990, and December 12, 1990, respectively, of the Board of Trustees of the Incorporated Village of Munsey Park, the petitioners appeal from so much of a judgment of the Supreme Court, Nassau County (Collins, J.), dated June 25, 1991, as dismissed the petition and amended petition, and the Board of Trustees of the Incorporated Village of Munsey Park and the Incorporated Village of Munsey Park cross-appeal from so much of the same judgment as failed to dismiss the proceeding on the ground that the petitioners did not have the requisite standing to maintain it.

Ordered that the cross appeal is dismissed, on the ground that the respondents-appellants are not aggrieved by the judgment cross-appealed from *(see,* CPLR 5511; *see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs.

The petitioners have made the requisite showing of standing *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761).

The Supreme Court properly determined that the petitioners' claims do not present issues that are ripe for judicial determination. The evidence reveals that adoption of the subject resolutions did not constitute a definitive position by the Incorporated Village of Munsey Park with regard to the proposed redevelopment. Inasmuch as the harm sought to be enjoined is contingent upon events which may not come to pass, the claims are not ripe for judicial consideration *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 521, *cert denied* 479 US 985). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.