In the Matter of the Estate of JOSEPH A. QUATTROCCHI, Deceased. AMANDA LIBUTTI, Appellant; DOROTHY QUATTROCCHI et al., Respondents. [739 NYS2d 642] —In a proceeding to settle the account of the estate of Joseph A. Quattrocchi, the petitioner, Amanda Libutti, appeals, as limited by her brief, from stated portions of a decree of the Surrogate's Court, Richmond County (Fusco, S.), dated January 4, 2001, which, *inter alia*, denied her a fiduciary's commission, awarded fiduciary's commissions to the objectants, and awarded an attorney's fee to the attorney for the objectants, payable out of the estate.

Ordered that the decree is modified, on the facts, by deleting so much of the fifth decretal paragraph thereof as awarded fiduciary's commissions to the objectants; as so modified, the decree is affirmed insofar as appealed from, with costs payable by the petitioner to the objectants.

In light of the appellant's extensive delay in selling the real properties which comprised the estate, the Surrogate properly denied her a fiduciary's commission (*see Matter of Flynn,* 205 AD2d 326; *Matter of Shulsky,* 34 AD2d 545; *Matter of Simpson,* 61 Misc 2d 307; *Matter of Engvelt,* NYLJ, May 27, 1969, at 18,

col 4 [Sur Ct, Kings County 1969]; *see also Matter of Weston,* 91 NY 502; *Matter of Janes,* 223 AD2d 20). However, the Surrogate improperly awarded such a fee to the objectants, who did not render any fiduciary services to the estate (*see Matter of Rutlege,* 162 NY 31; *Matter of James,* 23 AD2d 529; *Matter of Marshall,* 15 AD2d 310).

Additionally, in light of the efforts of the objectants to compel the petitioner to list the properties at realistic asking prices, and their efforts in augmenting the estate by saving it fiduciary's commissions, the Surrogate properly awarded an attorney's fee to their attorney (*see Matter of Scarsella,* 195 AD2d 513, 516; *Matter of Kinzler,* 195 AD2d 464; *Matter of Burns,* 126 AD2d 809, 812; *cf. Matter of Lirakis,* 111 AD2d 924; *Matter of Bellinger,* 55 AD2d 448).

The petitioner's remaining contentions are without merit. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.