█ In the Matter of the Estate of MORRIS RUBINSTEIN, Deceased. ROSALIND ZIMMERMAN, Appellant-Respondent; YETTA STEINBERG et al., Respondents-Appellants. [901 NYS2d 63]—

In a probate proceeding, the petitioner, the executor of the estate of Morris Rubinstein, appeals, as limited by her brief, from stated portions of an order of the Surrogate's Court, Kings Country (Torres, S.), dated November 20, 2008, which, inter alia, disallowed her request for income commissions after June 8, 2004, and imposed a surcharge for undistributed Treasury bills to be paid to the objectants, rather than the estate, and (2) the objectants cross-appeal, as limited by their brief, from so much of the same order as denied their objection to the estate's payment of the petitioner's attorney's fees in the sum of $24,587.75, and, in effect, denied their request for an award of an attorney's fee.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that on the Court's own motion, the notice of cross appeal from so much of the order, as, in effect, denied the objectants' request for an award of an attorney's fee is treated as an application for leave to cross-appeal from that portion of the order, and leave to cross-appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The decedent, Morris Rubinstein, died on January 25, 1986, survived by his wife Gertrude and their three children, Rosalind

Zimmerman (hereinafter the petitioner), and her siblings Irving Rubinstein (hereinafter Irving) and Yetta Steinberg (hereinafter together the objectants). The decedent's last will and testament bequeathed an approximately $2 million estate in trust for Gertrude, with the assets to be distributed on her death pursuant to the terms of the will. The will provided, inter alia, for 45 shares of American Stamping & Spinning Corp. (hereinafter American Stamping) to be distributed to the petitioner, for 10 shares of American Stamping to be distributed to Irving, and for the residuary estate to be distributed in three equal shares to the petitioner and the objectants. The will also appointed the petitioner as the cotrustee of the trust and the co-executor of the estate. After the petitioner's cotrustee and co-executor resigned on May 24, 1990, the petitioner acted as the sole trustee and executor. Gertrude Rubinstein died on November 17, 1994.

The petitioner filed an intermediate account in February 1996 which included a request to construe the decedent's will to distribute an additional 100 shares in American Stamping to herself and Irving. After extensive discovery, the petitioner filed two supplemental accounts and the objectants filed various objections.

After a trial on the objections, the Surrogate granted certain objections and granted the petitioner's request to construe the decedent's will to distribute the actual number of shares which the decedent owned in American Stamping to herself and Irving.

The court subsequently granted the petitioner's motion for leave to reargue with respect to two of the objections by order dated June 8, 2004, and directed the petitioner to bring the account current and to file a proposed decree.

The petitioner settled a decree in August 2006 and filed a third supplemental account dated September 24, 2006. The objectants filed a counter decree which incorporated various objections to the third supplemental account. The third supplemental account and objections were submitted for decision and were determined by the November 20, 2008, order appealed from, which included a directive that the petitioner to file a decree.

Contrary to the petitioner's contention, she was not entitled to trustee commissions pursuant to SCPA 2309 because the Trust terminated with the death of Gertrude on November 17, 1994. Likewise, the Surrogate properly exercised her discretion in disallowing the petitioner's request for commissions for administering the estate subsequent to the issuance of the June

8, 2004, order. The June 8, 2004, order directed the petitioner to file a decree and supplemental account, which were delayed without justification until August 2006 and September 24, 2006, respectively (*see Matter of Quattrocchi*, 293 AD2d 481 [2002]; *Matter of Scott*, 234 AD2d 551, 552 [1996]; *cf. Matter of Acker*, 128 AD2d 867, 868 [1987]).

The surcharge for the undistributed Treasury bills was properly directed to be paid to the objectants, rather than the estate (*cf. Matter of Ricca*, 55 AD3d 838 [2008]).

The petitioner's remaining contentions are without merit.

While a construction proceeding is generally deemed to benefit the estate (*see Matter of Ablett*, 3 NY2d 261, 278-279 [1957]), in determining whether to award an attorney's fee for services rendered in a construction proceeding, the court should consider the justification for the proceeding, whether the petitioner acted for his or her own interest along with the common interest of the estate, the petitioner's success or failure, the benefit to the estate from the attorney's services, if any, and the effect of the award of an attorney's fee on the successful party's share (*see Matter of Greatsinger*, 67 NY2d 177, 184 [1986]). Based on the foregoing factors, the Surrogate properly denied the objection to the estate's payment of the petitioner's attorney's fees in the amount of $24,587.75 (*cf. Matter of Matsis*, 280 AD2d 480, 481 [2001]).

The Surrogate, properly, in effect, denied the objectants' request for an award of an attorney's fee because the objectants failed to commence a proceeding to recover their attorney's fees from the estate (*see* SCPA 2110; 22 NYCRR 207.45 [b]; *cf. Matter of Fifth Ave. of Long Is. Realty Assoc. v Board of Trustees of Inc. Vil. of Munsey Park*, 199 AD2d 392 [1993]). Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.