Matter of Johnson (2018 NY Slip Op 08219)





Matter of Johnson


2018 NY Slip Op 08219


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525670

[*1]In the Matter of the Estate of JUNE R. JOHNSON, Deceased. TRUSTCO BANK, as Executor of the Estate of JUNE R. JOHNSON, Deceased, Respondent; SARATOGA COUNTY ANIMAL SHELTER, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Stephen Dorsey, County Attorney, Ballston Spa (Hugh G. Burke of counsel), for appellant.
McNamee Lochner, PC, Albany (Richard D. Cirincione of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from that part of an order of the Surrogate's Court of Schenectady County (Versaci, S.), entered September 7, 2017, which partially granted petitioner's motion for summary judgment and partially denied respondent's motion for summary judgment dismissing the petition.
June R. Johnson (hereinafter decedent) died testate on November 1, 2007. Pursuant to decedent's will, petitioner was appointed as executor of decedent's estate on July 28, 2008. The will directed that at decedent's death all assets of decedent's estate be transferred to petitioner, as trustee under a trust agreement executed at the same time as the will. Upon decedent's death, the trust provided for distribution of the entire remainder of the trust to five charitable beneficiaries, including respondent, which is entitled to a one-eighth share of the trust remainder.
When she died, decedent owned a house, a car and assorted items of tangible personal property, which petitioner sold within one year of its appointment, and the trust had a principal balance in excess of $1 million [FN1]. In October 2009, petitioner made a partial distribution of [*2]principal to the trust, as the sole remainder beneficiary, of $50,000, which was added to the existing trust balance. Thereafter, the only estate transactions were the passive accrual of interest earned on funds that were held on deposit in an estate account and payment of $700.90 to Faster Systems, LLC in August 2010 for preparation of a proposed final account.
On May 30, 2014, petitioner filed a petition seeking judicial settlement of its final account as executor for the period from decedent's date of death on November 1, 2007, which showed that on November 30, 2013 the estate held assets, consisting entirely of cash equivalents, of $151,873.28 and had unpaid administrative expenses of $34,499.27. Respondent objected asserting, among other things, that the delay in selling estate assets and closing the estate required disallowance of executor's commissions. Respondent also objected to the fees that petitioner paid for accounting and legal services [FN2]. Petitioner subsequently moved for summary judgment seeking dismissal of respondent's objections. Respondent opposed petitioner's motion and moved for summary judgment based on its objections. Surrogate's Court partially granted petitioner's motion, to the extent of finding that petitioner had not unduly delayed in selling decedent's home and vehicle, partially granted respondent's motion, by disallowing the fee paid for preparation of the final account, and otherwise denied both motions. Respondent appeals.
On appeal, respondent argues that the delay of over four years from complete liquidation of estate assets to the filing of the petition seeking approval of the final account was unreasonable as a matter of law, warranting a complete denial of executor's commissions. "Statutory commissions must be awarded in the absence of mathematical error in their computation or allegations of misconduct amounting to dereliction, complete indifference or other comparable acts of misfeasance" (Matter of Drier, 245 AD2d 787, 788 [1997] [citations omitted], lv denied 91 NY2d 812 [1998]). In that regard, commissions may be disallowed when administration of an estate is delayed without justification (see Matter of Rubinstein, 72 AD3d 692, 693-694 [2010] [commissions were properly disallowed to an executor who delayed filing of a supplemental account for two years without justification]). Further, the failure to file a statement explaining why an estate has not been fully distributed, as relevant here, within two years after letters testamentary were issued may constitute a ground for disallowance of commissions or legal fees (see Uniform Rules for Sur Ct [22 NYCRR] § 207.42).
Respondent met its initial burden of showing prima facie entitlement to summary judgment disallowing executor's commissions by submitting proof that there were extended delays of two years in petitioner filing a Rule 207.42 report and of four years in it filing a petition for settlement of its final account. Respondent specifically noted that Surrogate's Court had made numerous requests, beginning in October 2010, that petitioner file a Rule 207.42 report. In August 2012, petitioner filed a report indicating that an accounting had been completed and it was anticipated that the estate would be closed informally within six months. A second report was filed in October 2013 representing that the Attorney General and all charitable beneficiaries, except respondent, had consented to the account and representing that the estate remained open pending ongoing settlement discussions with respondent. The estate remained open at the time that petitioner commenced this proceeding in May 2014 — nearly five years after all estate assets had been liquidated.
In opposition, petitioner alleged that Carlton Pott — the attorney it had retained to perform legal services related to administration of the estate — had experienced poor health that precluded him from performing the necessary work and resulted in a change of counsel in October 2012. Petitioner further alleged that releases were obtained from the remaining beneficiaries in November 2012 and that all subsequent delay was attributable to ongoing efforts to informally settle respondent's objections. On this record, we cannot say that Surrogate's Court erred by finding an issue of fact regarding whether petitioner's delay in distributing the estate [*3]assets to the beneficiaries was sufficiently egregious to warrant disallowance of executor's commissions.[FN3]
Respondent also contends that petitioner's claim for counsel fees must be disallowed based on the delay in estate administration and the further failure of petitioner and counsel to properly substantiate the fee request. Petitioner sought allowance of counsel fees of $42,000 based on a fixed-fee agreement — $20,000 paid to Pott and $22,000 paid to counsel who succeeded Pott in October 2012. As Surrogate's Court correctly noted, it is "vested with discretion to authorize and determine reasonable compensation for an attorney who has rendered legal services to an estate[,]" based on numerous factors, including "the time spent, the difficulties involved in the case, the nature of the services, the amount involved, the professional standing of counsel and the results obtained" (Matter of Guattery, 278 AD2d 738, 739 [2000] [internal quotation marks and citation omitted]). Uniform Rules for Surrogate's Court (22 NYCRR) § 207.45 (a) requires that a party seeking allowance of counsel fees submit an affidavit that provides the court with information relevant to determination of the fees, including the period during which services were rendered, a detailed description of the services rendered and the time expended.
We find unavailing respondent's argument that petitioner's application for counsel fees must be denied because the affidavits of counsel that it submitted in support of its request did not contain detailed descriptions of the services rendered and the time spent, as required by Uniform Rules for Surrogate's Court (22 NYCRR) § 207.45. Rule 207.45 does not mandate that result, and Surrogate's Court retains the authority to determine the appropriate fees for legal services provided. Surrogate's Court acknowledged that, due to the insufficient affidavits of counsel, it did not have the information required for a proper review, and we cannot say that it abused its considerable discretion by concluding that a hearing would be required to determine the reasonable value of the services provided by counsel.
Lynch, J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: We have not computed the exact trust balance as of decedent's date of death. However, information submitted in a separate proceeding commenced by petitioner seeking judicial settlement of its account as trustee shows that the trust balance exceeded $1 million on the date of death. and December 30, 2007. The trust accounting proceeding is the subject of a related appeal (Matter of Johnson, ___ AD3d ___ [decided herewith]).

Footnote 2: Respondent is the only party that objected to the account; the remaining beneficiaries and the Attorney General consented to the proposed final account.

Footnote 3: The trust distributed $800,000 to the charitable beneficiaries in May 2009 and an additional $150,000 in October 2009. Respondent received a one-eighth share of $118,750. The partial distributions totaling $950,000 were made within less than three months after the sale of all assets of the estate was completed, and represented nearly 90% of the total amount that is anticipated to be ultimately distributed to the beneficiaries.